E-FILED
Friday, 08 October, 2004  04:21:51 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANNUITY PLAN OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 649, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO.: ) |
| KAUFFMAN EARTHMOVING, INC., | ) ) |
| Defendant. | ) |

# COMPLAINT

NOW COMES the Plaintiff, Annuity Plan of the International Union of Operating Engineers Local No. 649, by its attorney, David W. Stuckel, and for its complaint against the Defendant, Kauffman Earthmoving, Inc., states as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1132 and 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Plaintiff is an employee pension fund under ERISA which conducts its business within the Central District of Illinois, and in particular Peoria County. Defendant is an employer under ERISA and the Labor Management Relations Act, 29 U.S.C. 185.

3. Defendant is obligated to make contributions to the Plaintiff under the terms of a certain agreement and declaration of trust establishing and outlining the

administration of the Fund and pursuant to the terms of a collective bargaining agreement adopting the agreement and declaration of trust entered into by Defendant.

    4.    As an employer obligated to make contributions to the Fund, Defendant is specifically required to do the following:

    a.    To submit to Plaintiff for each month, by the fifteenth (15th) day of the month following the month for which the report is made, a report stating the names, social security numbers and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff, or, if no such persons are employed for a given month, to submit a report so stating;

    b.    To remit with the report payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement signed by Defendant;

    c.    To make all of its payroll books, records, tax and unemployment reporting forms, and other applicable records available to Plaintiff for the purpose of auditing same to determine whether Defendant is making full payment as required under the applicable agreements;

    d.    To compensate Plaintiff by way of liquidated damages the amount of twenty percent (20%) of any and all contributions which are not timely received by Plaintiff for particular month, as specified fully in paragraph 3a. above, together with interest as provided in ERISA, 29 U.S.C. 1132(g);

    e.    To pay any and all costs incurred by Plaintiff in auditing Defendant's records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiff;

    f.    To pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to recover delinquent contributions; and

   g. To furnish to Plaintiff a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff, to cover future contributions due the Plaintiff.

  5. Defendant is delinquent and has breached its obligation to Plaintiff and its obligations under the Plan in the following respects:

   a. Defendant has failed to make payment of contributions, liquidated damages, accrued interest and audit fees based upon an audit of the Defendant's records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its employees incorrectly to Plaintiff.

  6. Upon careful review of all records maintained by Plaintiff, and after application of any and all partial payments made by Defendant, there is a total of Two Thousand Seven Hundred Nine and 29/100 ($2,709.29) Dollars known to be due Plaintiff from Defendant, for past due contributions for the period September 2000 to June 2003, liquidated damages in the amount of Five Hundred Forty-One and 86/100 ($541.86) Dollars, interest at the rate established by the Trustees from the date payment was due until the date made and all costs and attorneys' fees incurred in the collection of the amounts due from Defendant.

  WHEREFORE, Plaintiff prays:

  A. That judgment be entered in favor of Plaintiff and against Defendant for unpaid contributions in the amount of Two Thousand Seven Hundred Nine and 29/100 ($2,709.29) Dollars, liquidated damages in the amount of Five Hundred Forty-One and 86/100 ($541.86) Dollars, accrued interest, and Plaintiff's reasonable attorneys' fees

and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Plan and in ERISA; and

  B. The Plaintiff have such other and further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

        **Respectfully Submitted,**

        **Annuity Plan of the International Union of Operating Engineers Local No. 649**, Plaintiffs

        BY:  s/ David W. Stuckel
          DAVID W. STUCKEL

**HARVEY & STUCKEL, CHTD.**
331 Fulton Street, Suite 900
Peoria, IL  61602
Telephone:  (309) 671-4900
Facsimile: (309) 671-5473

**PROOF OF SERVICE**

 Plaintiff has served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by §502(h) of ERISA, as amended, 29 U.S.C. 1132(h) by depositing copies of said Complaint in the United States Mail, Certified, addressed to the Secretary of the Treasury and the Secretary of Labor on the date of filing of the Complaint.

         s/ David W. Stuckel

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

## DEFENDANTS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Food & Drug<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC (405(g))<br>☐ 863 DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 Habeas Corpus<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND** $

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT